IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SAFECO INSURANCE CO. OF
INDIANA,

   Plaintiff,

      v.

DAVID PEARSON, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:17-CV-3335-TWT

## OPINION AND ORDER

This is a declaratory judgment action. It is before the Court on the Defendants David and Elizabeth Pearson's Motion to Dismiss [Doc. 8]. For the following reasons, the Defendants' Motion to Dismiss is GRANTED.

## I. Background

This dispute stems from Safeco's partial denial of coverage under a homeowner's insurance policy that had been purchased by the Pearsons. The Pearsons are Florida domiciliaries, while Safeco is an Indiana corporation with its principal place of business in Massachusetts.[1] On January 29, 2016, Mr. Pearson discovered that a water heater had malfunctioned and caused water damage to their home.[2] The parties seem to agree that the water heater

---

    [1]    Compl. ¶¶ 1, 3.

    [2]    Compl. ¶ 4.

malfunction caused water damage to the home, but the dispute centers around the amount Safeco paid to the Pearsons. The Pearsons argue that subsequent mold damage was covered under the Policy and that Safeco has refused to pay for it. Safeco counters that the Pearsons are merely upset about Safeco's valuation of the damage and that there is no issue of coverage.

As a result of this dispute, the Pearsons first filed suit against Safeco and Big Red Construction Company, the Georgia contractor that had been hired for remediation, in state court on May 22, 2017. At the time of filing, the Pearsons submitted documents necessary for service on Big Red and Safeco to the DeKalb County and Gwinnett County Sheriffs' Offices, respectively. The Gwinnett County Sheriff served Safeco just three days later, on May 25, 2017, but the DeKalb County Sheriff did not serve Big Red until June 21, 2017. In the meantime, Safeco filed a Notice of Removal on June 15, 2017, based on diversity jurisdiction. The Pearsons filed a Motion to Remand, arguing that the ability for cases to be removed should not turn on the timing of service. When this Court disagreed, the Pearsons voluntarily dismissed their case on September 1, 2017.[3]

That same day, Safeco filed the present action in this Court. Before the Pearsons waived service, however, they renewed their action against Safeco and Big Red pursuant to O.C.G.A. § 9-2-61(a) by refiling their complaint in the state

---

[3] *See Pearson v. Safeco Ins. Co. of Indiana*, 17-CV-2246-TWT (September 1, 2017 Order).

court of Cobb County on September 7, 2017.[4] This time around, Big Red was served the same day the Complaint was filed, and Safeco was served on September 12. Safeco again attempted to remove that case to this Court, but the Court recently ordered it remanded back to state court for lack of subject matter jurisdiction. The Pearsons now move to dismiss the present action and they also seek attorney's fees.

## II. Discussion

The Declaratory Judgment Act, which gives federal courts the authority to declare the rights of litigants by issuing declaratory judgments, is "an enabling Act, which [means that it] confers a discretion on the courts rather than an absolute right upon the litigant."[5] "It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so."[6] The Supreme Court has warned, however, that this power should be used sparingly, especially in cases such as this where it has the potential to interfere with ongoing state court litigation.[7] In cases in which it would be "uneconomical"

---

[4] *See Pearson v. Safeco Ins. Co. of Indiana*, 17-CV-4028-TWT (N.D.Ga.). Safeco sent a request for waiver of service on September 12, which the Pearsons returned the following day. *See* Waiver of Service [Doc. 5].

[5] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995).

[6] *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005).

[7] *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942) ("[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.").

and "vexatious" for a federal court to hear a declaratory judgment action concurrently with state litigation, district courts are generally advised to abstain from hearing such actions.[8]

In *Ameritas Variable Life Ins. Co. v. Roach*,[9] the Eleventh Circuit developed a detailed test to guide district courts in their discretion under the Declaratory Judgment Act. First, courts must determine if there is ongoing parallel litigation in state court. Generally speaking, "[a] parallel action is one involving the same parties and the same issues."[10] If there is ongoing parallel state litigation, then courts must apply the *Ameritas* multi-factor test in an effort to balance state and federal interests.[11]

### A. Parallel State Litigation

This is a case in which there is clearly ongoing parallel state litigation. Though Safeco did remove the companion case to federal court, this Court recently remanded that case for lack of subject matter jurisdiction. Furthermore, that case involves both the same parties and the same issues. Though the state

---

[8] *See id.*; *Employers Mut. Cas. Co. v. Kenny Hayes Custom Homes, LLC.*, 101 F. Supp. 3d 1186, 1188 (S.D. Ala. 2015) (calling this doctrine "*Wilton/Brillhart* abstention").

[9] 411 F.3d 1328 (11th Cir. 2005).

[10] *Erie Indem. Co. v. Acuity, a Mut. Ins. Co.*, No. CIV.A.1:06CV0174TWT, 2006 WL 2048310, at *3 (N.D. Ga. July 19, 2006) (citing *Brillhart*, 316 U.S. at 495). *See also Kenny Hayes Custom Homes*, 101 F. Supp. 3d at 1189 (collecting cases from other federal Circuits).

[11] *Erie Indem Co.*, 2006 WL 2048310, at *3.

litigation includes an extra party – Big Red – it still includes both the Pearsons and Safeco. And though the causes of action are different from this litigation (as one would expect when the parties are reversed), both actions are ultimately about who owes what to whom.

Safeco argues that the issues are not the same because Safeco is seeking adjudication on a narrow issue that may not be addressed in the state litigation, namely, whether the Pearsons have complied with an appraisal requirement that is a condition precedent to suit. Safeco essentially contends that courts should only abstain in situations where the issues presented in both cases are *exactly* the same. The Court disagrees, for to hold otherwise would invite constant federal interference in state litigation, and would consistently undermine a plaintiff's choice of forum. Any time a plaintiff filed a dispute over coverage in state court, insurers could simply file declaratory judgment actions in seeking appraisal in federal court. By doing so, insurers would be able to avail themselves of a federal forum in where they would not otherwise have been able to, despite the fact that they could just as easily have asserted the issue in the state litigation. Instead, the better approach is to abstain whenever (1) the issues in both cases are substantially similar, even if they are not identical, (2) they are based on substantially the same facts, (3) and the party seeking a declaration has the ability to raise their specific issue in the parallel litigation.[12]

---

[12] *See Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005) ("Suits are parallel if substantially the same parties litigate

Following this approach both preserves the plaintiffs' choice of forum, while also giving defendants the opportunity to file claims which would not otherwise be adjudicated.

Here, as the Court has already said, both actions are ultimately about who owes what to whom as a result of the water heater overflow and its aftermath. Though the state court litigation does not currently address the issue of appraisal, it is not the Pearsons' responsibility to argue Safeco's case. It is still entirely possible for Safeco to raise the issue of appraisal itself. Indeed, Safeco did just that in its motion to dismiss filed in the state litigation before this Court remanded the case. Of course, the state court may or may not reach the issues Safeco wants it to reach, but that is that court's prerogative. Courts are in the business of resolving disputes, not deciding every issue a party brings up. Safeco has the opportunity to raise the issue of appraisal in a state case ultimately addressing the issue of who owes what to the Pearsons. That is enough for the two actions to be considered parallel.

### B. *Ameritas* Factors

Having found the two actions to be parallel, the Court now analyzes the present action under the *Ameritas* test. In *Ameritas*, the Eleventh Circuit laid out nine factors for district courts to consider when deciding whether to abstain:

---

substantially the same issues in different forums.") (quoting *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991)).

(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.[13]

No one factor is controlling; they are "merely guideposts."[14]

Here, the first factor weighs in favor of abstention. The Policy was entered into in Georgia, covers a Georgia home, and is governed by Georgia law.

---

[13] *Ameritas*, 411 F.3d at 1331.

[14] *Id.*

Though the primary parties in this action are not citizens of Georgia, the mere fact the plaintiffs are diverse does not create any sort of countervailing federal interest.[15] Furthermore, the ongoing state litigation involves the same parties and encompasses the issues in this action. Because of this, this Court's opinion in *Philadelphia Indem. Ins. Co. v. AGCO Corp.*[16] is inapposite. In that case, a third party had sued an insured for a variety of claims. The insurer then filed a declaratory judgment action against the third party seeking a determination over whether it had a duty to defend its insured or not. This Court found that the actions were not parallel because they did not involve the same parties or the same issues.[17] The insurer was not a party to the underlying state litigation, and thus there was no live controversy before the state court involving the insurer. The state's only interest, therefore, was the fact that state law controlled the interpretation of the insurance policy.[18] Here, by contrast, there is a live controversy before a Georgia court between the same parties and

---

[15] *See* Westchester Surplus Lines Ins. Co. v. Romar House Ass'n, Inc., No. CIV.A. 08-0455-WS-M, 2008 WL 5412937, at *4 (S.D. Ala. Dec. 29, 2008) ("To be sure, a federal interest exists by virtue of the diversity jurisdiction created by § 1332, but it is extreme hyperbole to suggest, as [the insurer] does, that an overriding federal interest in having this action decided by federal courts arises from the mere diversity of citizenship between insurer and insured and the fact that some witnesses hail from other jurisdictions.").

[16] No. 1:10-CV-4148-TWT, 2011 WL 2652139, at *1 (N.D. Ga. July 6, 2011).

[17] *Id.* at *3.

[18] *Id.*

involving the same issues. Georgia, therefore, has a strong interest in deciding the case before it, which weighs in favor of abstention.

Factors two through six also favor abstention. As already discussed, the state action encompasses the entire controversy. It involves questions of coverage, value, and the liability of third parties. "[W]hile resolution of the pending state court matter could resolve the issues pending before this court, the same is not true in the reverse."[19] Even if the Court were to find in favor of Safeco on the issue of appraisal, that would not ultimately decide the issues of coverage before the state court. Instead, it would lead to piecemeal litigation, delays, and give Safeco access to a federal forum when the issue could just as easily be litigated in the underlying action.[20] All of this would lead to considerable interference with the state court proceedings, from both a procedural and substantive perspective.

Lastly, factors seven through nine also counsel abstention. Both actions revolve around the same facts: the overflow of the water heater, the delay in cleaning it up, and subsequent mold growth. These facts are important to

---

[19] *Wesco Ins. Co. v. S. Mgmt. Servs., Inc.*, No. 2:16-CV-1955-RDP, 2017 WL 1354873, at *4 (N.D. Ala. Apr. 13, 2017).

[20] It also seems to be the case that Safeco specifically raced to file this action here in order to avoid a state forum. Safeco successfully removed a previous iteration of the underlying action solely because of a delay in service by a Georgia County Sheriff. Upon voluntary dismissal by the Pearsons, Safeco immediately filed this declaratory judgment action to try and prevent the Pearsons from refiling what would otherwise have been an unremovable case.

resolving the case, as they inform whether Big Red was in any way negligent, which in turn has the potential to affect Safeco's liability vis-à-vis the Policy's coverage provisions. They also inform the question of whether the case is ultimately about coverage or value. The state court is ultimately in a better position to address these factual determinations because it has the whole controversy in front of it. "Rather than have two courts duplicate effort and assess the same underlying facts, a far more sensible and efficient approach is for the state court that is already tasked with examining those facts in the underlying case to apply those same facts to the pending claims for declaratory relief."[21] Furthermore, these facts are closely connected with state law, which governs the entirety of the controversy as there is no question of federal law.

Considered together, the *Ameritas* factors strongly point toward abstention as being the prudent course of action in this case. Were the Court to retain jurisdiction in this case, the Supreme Court's concerns in *Brillhart* and *Wilton* would be implicated. Accordingly, the Court declines to exercise jurisdiction here.

### III. Conclusion

For the foregoing reasons, the Defendants' Motion to Dismiss [Doc. 8] is GRANTED.

---

[21] *Id.* at *5 (quotations omitted).

SO ORDERED, this 3 day of January, 2018.


                              /s/Thomas W. Thrash
                              THOMAS W. THRASH, JR.
                              United States District Judge